# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
J.G. Wentworth Originations, LLC

**DEFENDANTS**
Dashan Lassiter

**(b)** County of Residence of First Listed Plaintiff   Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert A. Maro, Esquire, 1115 W. Main Street, Norristown, PA 19401, 610-275-9600

Attorneys *(If Known)*
N/A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
40 P.S. 4001, et. seq, Pennsylvania Structured Settlement Protection Act
Brief description of cause:
Consent Order required from Eastern District of PA to proceed in Philadelphia Court of Common Pleas, uncontested

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   04/16/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| J.C. Wentworth Originations LLC | : | CIVIL ACTION |
| v. | : | |
| Dashan Lessiter | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　　　(X)

| 4-15-15 | Robert A. Maro | J.C. Wentworth Originating LLC |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-275-9600 | 610-275-9666 | rmaro@maroandmaro.com. |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _201 King of Prussia Rd, Radnor PA 19087_

Address of Defendant: _4444 Ludlow Street Apt 1R Philadelphia, PA 19104_

Place of Accident, Incident or Transaction: _Philadelphia, PA - consent order required from the Eastern_
_District of PA to Proceed in Philadelphia County Court of Common Pleas._
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☒ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)

I, _Robert A. Mero Esq_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: _4-15-2015_          _Robert A. Mero_          _89585_
                            Attorney-at-Law                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _4-15-2015_          _Robert A. Mero_          _89585_
                            Attorney-at-Law                    Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT FOR
THE EATERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **J.G. Wentworth Originations, LLC** | : | **Civil Action** |
| **201 King of Prussia Road** | : | |
| **Radnor, PA 19087** | : | |
| **Plaintiff** | : | |
| **v.** | : | |
| | : | |
| **Dashan Lassiter** | : | |
| **4444 Ludlow Street, Apt 1R** | : | **Docket No:** |
| **Philadelphia, PA 19104** | : | |

## ORDER OF COURT

**AND NOW**, to-wit, this _____ day of _____, 2015, upon consideration of the within PETITION FOR CONSENT AND COURT APPROVAL TO PROCEED WITH ANY  TRANSFER OF A STRUCTURED SETTLEMENT PAYMENT RIGHTS PURSUANT TO STRUCTURED SETTLEMENT PROTECTION ACT, 40 P.S. 4000, ET SEQ. and upon consideration that the transfer would allegedly contravene the terms of the structured settlement, Dashan Lassiter is permitted to proceed with transfers of structured settlements regarding the structured settlement previously approved by this Court in the Court of Common Pleas of the jurisdiction where Dashan Lassiter resides.  It is hereby ORDERED, ADJUDGED and DECREED that express approval is hereby granted to Dashan Lassiter to proceed with any future Transfer of Structured Settlement Payment Rights subject to applicable law(s).

BY THE COURT:

_____

Judge

IN THE UNITED STATES DISTRICT COURT FOR
THE EATERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **J.G. Wentworth Originations, LLC** | : | **Civil Action** |
| **201 King of Prussia Road** | : | |
| **Radnor, PA 19087** | : | |
| **Plaintiff** | : | |
| **v.** | : | |
| | : | |
| **Dashan Lassiter** | : | |
| **4444 Ludlow Street, Apt 1R** | : | **Docket No:** |
| **Philadelphia, PA 19104** | : | |

## PETITION FOR CONSENT AND COURT APPROVAL TO PROCEED WITH A PARTIAL TRANSFER OF A STRUCTURED SETTLEMENT PURSUANT TO STRUCTURED SETTLEMENT PROTECTION ACT, 40 P.S. 4001, ET SEQ.

AND NOW comes your Plaintiff, J.G. Wentworth Originations, LLC, by and through its attorneys, Maro & Maro, P.C. and in accordance with the applicable rules of Civil Procedure, hereby represents as follows:

1. Plaintiff is J. G. Wentworth Originations, LLC. ("Buyer" or Transferee"), with an office address located at 201 King of Prussia Road, Radnor, PA 19087.

2. Defendant is Dashan Lassiter ("Payee"), an adult individual who resides in the County of Philadelphia, 4444 Ludlow Street, Apartment 1R, Philadelphia, PA 19104-2973.

3. Under docket number 98-1663, in or about July 9, 1998, this Honorable Court, by and through the Honorable Marvin Katz, deceased, approved a minor's compromise on behalf of Dashan Lassiter and an Annuity was purchased by American General Assignment Corporation and issued by American General Life Insurance Company. A

copy of the Order approving the Minor's Compromise is attached hereto incorporated herein and marked Exhibit "A".

4. Pursuant to the terms of the Annuity, Defendant, Dashan Lassiter, is to receive periodic lump sum and monthly payments from a structured settlement annuity owned by American General Assignment Corporation and issued by American General Life Insurance Company (Collectively referred to as "American General").

5. Defendant, Dashan Lassiter has entered into a Purchase Agreement dated March 19, 2015 with Plaintiff, J.G. Wentworth Originations, LLC., wherein Dashan Lassiter is transferring a partial amount of the payments from the aforementioned annuity.

6. Plaintiff will file a Petition for partial transfer of structured settlement in the Court of Common Pleas of Philadelphia County, Pennsylvania. A true and correct copy of the petition to be filed in Philadelphia County Court of Common Pleas, PA is attached hereto, incorporated herein and marked Exhibit "B". Prior to Plaintiff and Defnedant proceeding to a hearing in Philadelphia County Court of Common Pleas, they must first obtain the written consent from the United States District Court for the Eastern District of Pennsylvania

7. This consent petition is being filed in the United States District Court for the Eastern District of Pennsylvania in compliance with 40 P.S. §4003(a)(5)(i)(B) of the Pennsylvania Structured Settlement Protection Act( 40 P.S. 4001 et seq.), which provides that if the transfer would contravene the terms of the structured settlement that the transfer be expressly approved in writing by the court that previously approved the

structured settlement - - which is the United States District Court for the Eastern District of Pennsylvania.

8. Plaintiff is seeking the express written approval of the United States District Court for the Eastern District of Pennsylvania pursuant to 40 P.S. § 4003(a)(5)(i)(B), so that Dashan Lassiter may enter into and proceed with transfers of structured settlement in the County in which he is domiciled and jurisdiction is proper(See 40 P.S. 4004 regarding Jurisdiction being proper in the County where the Payee resides).

9. Plaintiff avers that upon the obtaining of approval by the United States District Court for the Eastern District of Pennsylvania in accordance with 40 P.S. §4003(a)(5)(i)(B), Defendant Dashan Lassiter, shall be permitted to proceed with transfers of structured settlement in the county in which he is domiciled and that American General will supply a Stipulation and/or Order in connection with the Petition for Transfer of Structured Settlement and not oppose same.

10. No prejudice would be borne by this Honorable Court in granting the requested relief.

11. Plaintiff is not requesting the United States District Court for the Eastern District of Pennsylvania to conduct a best interests hearing, rather they are simply requesting the United States District Court for the Eastern District of Pennsylvania to give approval and consent to Dashan Lassiter to proceed in the County where he is domiciled with transfers of structured settlement. It is at the hearing in the County where Dashan Lassiter is domiciled that a judge will hear the merits of the actual case and decide whether or not to approve the transfer of structured settlement.

WHEREFORE, Plaintiff, J.G. Wentworth Originations, LLC. respectfully requests that this Honorable Court enter the relief requested in the proposed Order of Court which is attached hereto so that Dashan Lassiter is permitted to proceed with transfers of structured settlement in the County in which he is domiciled.

Respectfully submitted,

Maro & Maro, P.C.

By: _____ 4-15-15

ROBERT A. MARO, ESQUIRE
Counsel for J.G. Wentworth Originations, LLC.
1115 W. Main Street
Norristown, PA 19401
610-275-9600
610-275-9666(fax)
rmaro@maroandmaro.com

## <u>VERIFICATION</u>

I, Lori Borowski, Vice President of J.G. Wentworth Originations, LLC, have read the foregoing Petition and hereby aver that the statements contained therein are true and correct to the best of my knowledge, information and belief.

_____
Lori Borowski, Vice President

4-15-2015
_____
Date

IN THE UNITED STATES DISTRICT COURT FOR
THE EATERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **J.G. Wentworth Originations, LLC** | : | **Civil Action** |
| **201 King of Prussia Road** | : | |
| **Radnor, PA 19087** | : | |
| **Plaintiff** | : | |
| **v.** | : | |
| | : | |
| **Dashan Lassiter** | : | |
| **4444 Ludlow Street, Apt 1R** | : | **Docket No:** |
| **Philadelphia, PA 19104** | : | |
| | : | |
| **SEARS, ROEBUCK & COMPANY** | : | |

## CERTIFICATE OF SERVICE

I, Robert A. Maro, Esquire, certify that I caused to be served a true and correct

copy of the foregoing PETITION FOR CONSENT AND COURT APPROVAL TO

PROCEED WITH A PARTIAL TRANSFER OF A STRUCTURED SETTLEMENT

PURSUANT TO STRUCTURED SETTLEMENT PROTECTION ACT, via First Class,

postage pre-paid United States mail, upon the following:

To: American General Life Insurance Company
Attn. Legal Dept./structured Settlements
2727-A Allen Parkway
Wt3-01
Houston, TX 77019-2155

American General Assignment Corporation
Attn. Legal Dept/structured Settlements
205 E. 10th Avenue
Amarillo, TX 79101

J.G. Wentworth Originations, LLC
201 King of Prussia Road
Radnor, PA 19087

Dashan Lassiter
4444 Ludlow Street
Apt. 1R
Philadelphia, PA 19104-2973

MARO & MARO, P.C.

DATE: 4/15/15                    BY: _____

ROBERT A. MARO, ESQUIRE
Attorney for Plaintiff

**Maro & Maro, P.C.**
By: Robert A. Maro, Esquire
Attorney I.D. No. 89585
1115 W. Main Street
Norristown, PA 19401
(610) 275-9600

### IN THE UNITED STATES DISTRICT COURT FOR
### THE EATERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **J.G. Wentworth Originations, LLC** | : | **Civil Action** |
| **201 King of Prussia Road** | : | |
| **Radnor, PA 19087** | : | |
| **Plaintiff** | : | |
| **v.** | : | |
| | : | |
| **Dashan Lassiter** | : | |
| **4444 Ludlow Street, Apt 1R** | : | **Docket No:** |
| **Philadelphia, PA 19104** | : | |

**Entry of Appearance**

TO THE PROTHONOTARY/CLERK OF SAID COURT

Enter my appearance on behalf of: **J.G. Wentworth Originations, LLC**

Papers may be served at the address set forth below.

Respectfully Submitted:

By: _____

Robert A. Maro, Esquire
Attorney I.D. No 89585
Maro & Maro, P.C.
1115 W. Main Street
Norristown, PA 19401
(610) 275-9600(office)
(610) 275-9666(Fax)

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



FRANCINE LASSITER,
as Parent and Natural Guardian of
Lashann Lassiter, Jayvon Lassiter,
Dashan Lassiter and Tyler Allison,
her Minor Children,

FRANCINE LASSITER, Individually
and in her own right
and
STEVEN ALLISON, as Parent and
Natural Guardian of TYLER
ALLISON, a Minor
and
STEVEN ALLISON, individually
and in his own right

Plaintiffs

vs.

SEARS, ROEBUCK & COMPANY

:  CIVIL ACTION
:
:
:
:  FILED
:
:  JUL - 9 1998
:
:  MICHAEL E. KUNZ, Clerk
:  By _____ Dep. Clerk
:
:
:
:
:
:  NO.  98-1663
:
:

## ORDER APPROVING SETTLEMENT
### AND
### ORDER FOR DISTRIBUTION

AND NOW, this 9th day of July, 1998, upon consideration of the

Petition for Leave to Compromise a Minor's Action, filed ___7/8/98___, it is

hereby ORDERED and DECREED that Petitioners are authorized to enter into a settlement

with Defendant, Sears, Roebuck & Company in the gross sum of Eight hundred thousand

($800,000.00) Dollars. Defendant shall forward all settlement drafts or checks to

Petitioners' counsel for proper distribution.

7-10-98
Copies mailed to
P. Smith, esq
G. Dugan, esq

IT IS FURTHER ORDERED and DECREED that the settlement proceeds be allocated as follows:

1.   TO:  MINOR PLAINTIFFS

| | | |
|---|---|---|
| D       N L | | $300,000.00 |
| L        N L | | $  9,000.00 |
| J        L | | $  9,000.00 |
| T        A | | $ 15,238.75 |

2.   TO:  ADULT PLAINTIFFS

| | |
|---|---|
| FRANCINE LASSITER | $ 30,500.00 |
| STEVEN ALLISON | $ 30,500.00 |

3. To:  Dugan, Brinkmann, Maginnis and Pace
       Reimbursement of Costs                    $ 21,700.41

4. To:  Dugan, Brinkmann, Maginnis and Pace
       Counsel Fees (33 1/3%)                     $259,173.76

5. To:  Department of Public Welfare
       Reimburse Medical Assistance               $124,887.08

Petitioners' Counsel is hereby authorized to execute all documentation necessary to purchase a structured annuity for the benefit of D        L        with payments beginning at age eighteen (18) as follows:

1.   DASHAN LASSITER, a Minor,
     Counsel shall purchase a structured
     annuity at a cost of $300,000.00
     which will provide monthly benefits
     increasing for life as follows:

     $1,212.66 per month, increasing
     4.00% compounding on an annual

basis for Life with 25 years
guaranteed.  First payment is
09/09/2010 (age 18),  Last payment
is 08/09/2035 (age 43).  This is
300 guaranteed monthly payments,
and then payments continue
monthly, FOR LIFE
THEREAFTER.

In addition, the structured annuity
will also pay the following
guaranteed amount:

$25,000.00 per year, guaranteed
payable for 5 years.  First payment
is 09/09/2010 (age 18).  Last
payment is 09/09/2014 (age 22).
This is 5 guaranteed annual
payments, and then payments stop.

See attached Proposal of the
Structured Annuity attached hereto
and marked as Exhibit "A".

Petitioners' Counsel is hereby authorized to execute all documentation

necessary to purchase certificates of deposit from federally insured banks or savings

institutions having an office in Philadelphia County, in the sums as noted below for L

Lassiter, J        Lassiter and T        Allison, with the funds payable to the minor upon

majority.  The certificates shall be titled and restricted as follows:

2.        L          LASSITER, a Minor,
not to be redeemed except for
renewal in it entirety, not to
withdrawn, assigned, negotiated,
or, otherwise alienated before the
minor attains majority, except upon
prior Order of Court.
Counsel shall purchase a certificate
of deposit in the sum of $9,000.00



in the name of said minor. The savings certificate shall be titled and restricted as follows:

L       LASSITER, a Minor, not to be withdrawn before the minor attains majority, except for the payment of city, state and federal taxes on the interest earned by the savings certificate or upon prior Order of Court

3.      J       LASSITER, a Minor, not to be redeemed except for renewal in it entirety, not to withdrawn, assigned, negotiated, or, otherwise alienated before the minor attains majority, except upon prior Order of Court.
Counsel shall purchase a certificate of deposit in the sum of $9,000.00 in the name of said minor. The savings certificate shall be titled and restricted as follows:

J       LASSITER, a Minor, not to be withdrawn before the minor attains majority, except for the payment of city, state and federal taxes on the interest earned by the savings certificate or upon prior Order of Court

4.      T       LLISON, a Minor, not to be redeemed except for renewal in it entirety, not to withdrawn, assigned, negotiated, or, otherwise alienated before the minor attains majority, except upon prior Order of Court.
Counsel shall purchase a certificate of deposit in the sum of $15,238.75 in the name of said minor. The savings certificate shall be titled and restricted as follows:

T     ALLISON, a Minor, not to
be withdrawn before the minor
attains majority, except for the
payment of city, state and federal
taxes on the interest earned by the
savings certificate or upon prior
Order of Court.


BY THE COURT:


JUDGE ~~MARVIN~~ KATZ
MARVIN
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**EXHIBIT "B"**

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

Philadelphia **County**

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
☐ Complaint ☐ Writ of Summons ☐ Petition
☐ Transfer from Another Jurisdiction ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Lassiter, Deshon | N/A |

**Are money damages requested?** ☐ Yes ☒ No

Dollar Amount Requested: (check one) ☐ within arbitration limits ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: **Robert A. Maro, Esquire Attorney ID 89585**

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

Place an "X" to the left of the ONE case category that most accurately describes your PRIMARY CASE. If you are making more than one type of claim, check the one that ...

**TORT** *(do not include Mass Tort)*
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability *(does not include mass tort)* •
☐ Slander/Libel/Defamation
☐ Other:

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other:

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other

☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other

☐ Other:

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other:

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other

☐ Zoning Board
☐ Other:

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☐ Other: **Petition for Partial Transfer of Structured Settlement.**

*Updated 1/1/2011*

**MARO & MARO, P.C.**
By: Robert A. Maro, Esquire
Attorney I.D. No.: 89585
1115 West Main Street
Norristown, PA 19401
(610) 275-9600

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

RE:   **Joint Petition of J.G. Wentworth**   :   NO:
      **Originations, LLC and Dashan Lassiter**   :

### NOTICE OF HEARING ON PETITION TO TRANSFER STRUCTURED SETTLEMENT PAYMENT RIGHTS

To:   American General Life Insurance Company         J.G. Wentworth Originations, LLC
      Attn. Legal Dept./structured Settlements         201 King of Prussia Road
      2727-A Allen Parkway                             Radnor, PA 19087
      Wt3-01
      Houston, TX 77019-2155

                                                       Dashan Lassiter
      American General Assignment Corporation   4444 Ludlow Street
      Attn. Legal Dept/structured Settlements          Apt. 1R
      205 E. 10ᵗʰ Avenue                               Philadelphia, PA 19104-2973
      Amarillo, TX 79101

You are hereby given notice that J.G. Wentworth Originations, LLC has filed a petition to transfer structured settlement payment rights.  A hearing in this matter has been scheduled on _____, 2015 at _____ o'clock in courtroom no. _____ courthouse, Philadelphia County Court of Common Pleas, Pennsylvania.

You are entitled to support, oppose or otherwise respond to the payee's petition, either in person or by counsel, by filing written comments with the court prior to the hearing or by attending the hearing.

The Name, Address and Tax Identification number of the transferee is **J.G. Wentworth Originations, LLC.** 201 King of Prussia Road, Radnor, PA 19087, Tax I.D. No. _____ .

_____3·20·15_____                    BY: _____
Date                                          Robert A. Maro, Esquire
                                              Attorney for J.G. Wentworth
                                              Originations, LLC.
                                              1115 W. Main Street
                                              Norristown, PA 19401
                                              (610) 275-9600
                                              (610) 275-9666(facsimile)

Reserved for Court Use.

---

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

RE:   **Joint Petition of J.G. Wentworth**   :   **NO:**
**Originations, LLC and Dashan Lassiter**   :

### INITIAL ORDER OF COURT

On this _____ day of _____, 2015, it is ordered

that a hearing on this Petition to Transfer Structured Settlement Payment Rights will be

held on _____, 2015, in Courtroom _____ at _____ o'clock.

The payee shall bring income tax returns for the prior two (2) years to the hearing.

Within seven (7) days, the transferee shall give notice of the hearing date to the

payee, the structured settlement obligor, the annuity issuer, the payee's spouse and any

person receiving child support, alimony, or alimony pendente lite. The transferee shall

attach a certificate of service to the notice of hearing date. A copy of the notice with the

certificate of service shall be filed with the court prior to the hearing.

BY THE COURT:

_____
J.

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

RE:   **Joint Petition of J.G. Wentworth**      :      **NO:**
      **Originations, LLC and Dashan Lassiter**   :

## FINAL ORDER OF COURT

On this _____ Day of _____, 2015, it is ordered that the

Petition to Transfer of Structured Settlement Payment Rights is granted.

The court specifically finds that:

(1)   the payee has established that the transfer is in the best interests of the payee

   or the payee's dependents;

(2)   based on the certification by an attorney for the transferee, and the court

   having not been made aware of any statute, regulation or order that would be

   incompatible with the proposed transfer, the transfer will not contravene any

   applicable federal or state statue or regulation, or the order of any court or

   administrative authority;

(3)   the transfer complies with the remaining requirements of the Structured

   Settlement Protection Act, including Sections 3(a)(2), 3(a)(4), 3(a)(5) and

   3(a)(6);

(4)   the payments that are to be transferred are designated as

   follows:

      A) 60 monthly payments of $710.00 each, increasing at 4%
      annually, beginning on September 9, 2015 and ending on
      August 9, 2020.

(5)    the terms of this order shall survive the death of the payee and shall be binding on the payee's heirs, beneficiaries and assigns;

(6)    the payee shall receive from the transferee, within ten (10) days from the date of this Order, the amount of **$26,000.00**, from which no funds are owed for counsel fees, administrative fees, or other costs, fees or expenses.

BY THE COURT:

_____

J.

**MARO & MARO, P.C.**
By: Robert A. Maro, Esquire
Attorney I.D. No.: 89585
1115 West Main Street
Norristown, PA 19401
(610) 275-9600

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

RE:   **Joint Petition of J.G. Wentworth**          :          **NO:**
     **Originations, LLC and Dashan Lassiter**   :

## JOINT PETITION FOR PARTIAL TRANSFER OF STRUCTURED SETTLEMENT PURSUANT TO STRUCTURED SETTLEMENT PROTECTION ACT, 40 P.S. 4000, ET SEQ.

TO THE HONORABLE JUDGES OF SAID COURT:

    And now comes your petitioner, J.G. Wentworth Originations, LLC, by and through its attorneys, Maro & Maro, P.C., and joint petitioner, Dashan Lassiter, and in accordance with the applicable rules of Pennsylvania Civil Procedure, hereby represents as follows:

    1.  Petitioner is J.G. Wentworth Originations, LLC. ("Buyer" or Transferee"), with an office address located at 201 King of Prussia Road, Radnor, PA 19087.

    2.  Joint Petitioner is, Dashan Lassiter ("Payee"), an adult individual who resides in the County of Philadelphia, 4444 Ludlow Street, Apt 1R, Philadelphia, PA 19104.

    3.  This Joint Petition has been verified by the Transferee, J.G. Wentworth Originations, LLC. and the Petition includes all necessary information as prescribed by PA R.C.P. 229.2(d) et al and Section 3 of the Act, 40 P.S. §4001 et seq.

    4.  Pursuant to PA. R.C.P. No. 229.2(d)(3) there are four (4) attachments incorporated herein as follows:

   a.  PA R.C.P. 229.2(d)(3)(i) Payee's Affidavit in Support of Petition.
       Please see Attachment/Exhibit "1"; and

   b.  PA. R.C.P. 229.2(d)(3)(ii) An Initial Order of Court Scheduling
       Hearing;

   c.  PA. R.C.P. 229.2(d)(3)(iii) A certification by Robert A. Maro, Esquire,
       attorney for transferee, J.G. Wentworth Originations, LLC.; and

   d.  PA. R.C.P. 229.2(d)(3)(iv) A Final Order of Court Granting
       the Petition.

5.  Joint Petitioner, Dashan Lassiter, is the beneficiary of an annuity
owned by American General Assignment Corporation and issued by American General
Life Insurance Company. The structured settlement provides payment to the petitioner as
described on Attachment/Exhibit "2".

6.  Joint Petitioner, Dashan Lassiter, after having the opportunity to have this
matter reviewed by independent counsel of his own choosing including the implications
of the transfer and any tax ramifications, expressly waived his right to independent
counsel. A Copy of Joint petitioner's waiver is attached hereto, incorporated herein and
marked Attachment/Exhibit "3".

7.  Joint Petitioner, Dashan Lassiter, proposes to enter into a purchase agreement
with J.G. Wentworth Originations, LLC., its nominees, successors, or assigns, whose
address is 201 King of Prussia Road, Radnor, PA 19087, who will purchase the following
from Petitioner's structured settlement as follows:

**A) 60 monthly payments of $710.00 each, increasing at 4% annually,
beginning on September 9, 2015 and ending on August 9, 2020.**

8. The structured settlement is currently owned by American General Assignment Corporation and issued by American General Life Insurance Company, and the net amount in return payable to Dashan Lassiter is $26,000.00 from Buyer. A copy of the Purchase Agreement, Exhibit "A' to the Purchase Agreement and Disclosure Statement is attached hereto, made apart hereof, and designated Attachment/Exhibit "4".

9. **The net amount payable to the payee after deduction of all commissions, fees, costs, expenses, and charges is $26,000.00.00.**

10. **Based on the net amount that the payee will receive from this transaction $26,000.00 and the amounts and timing of the structured settlement payments that would be assigned, the payee is, in effect, paying interest at a rate of 22.76% per year.**

11. The Buyer furnished Dashan Lassiter with a Disclosure Statement pursuant to 40 P.S. 4003 (See Attachment/Exhibit "4") at least ten (10) days prior to the date on which Dashan Lassiter first incurred any obligation to the Buyer.

12. PA R.C.P. 229.2(b) requires the petition to be filed in the county in which the payee is domiciled (See also Section 4 of the Act 40 P.S. §4004). PA.R.C.P. 229.2(c) also requires both the Transferee and Payee to be parties to the Joint Petition. Both requirements have been fulfilled herein.

13. Written notice of the Transferee's Names, address and taxpayer identification number has been given to the Annuity Issuer and Structured Settlement Obligor. A copy of the Notice to the structured settlement obligor is attached hereto as Attachment/Exhibit "5". Joint Petitioners wills also serve written notice as required by 40 P.S. 4004 upon all interested parties.

14. The Joint Petitioner's best interest would be served by granting the relief requested herein for the following reasons. Joint Petitioner is currently single and has no minor children. The purpose of this transfer is to assist Petitioner with purchasing a dependable, moderately priced and fuel efficient vehicle that will assist in getting petitioner to and from work once obtained. Secondarily, petitioner is expecting his first child and will use this money to acquire a safer apartment for himself, the child's mother and their child. Lastly, Petitioner needs to purchase necessary items and furniture for the minor child. Petitioner has thought about this decision thoroughly and believes that this transfer is clearly within his family's best interest. Based upon the foregoing which shall be expanded upon at the time of trial, the transfer is clearly within the best interest of Petitioner and family.

WHEREFORE, Joint Petitioner's respectfully requests this Honorable Court to enter the Initial Order attached to this petition which shall schedule a hearing so that Transferee and Payee shall have the opportunity to discuss the purpose and reasons for the transfer and after hearing thereon, respectfully request that this Honorable Court enter a Final Order approving the Transfer of Structured Settlement Payments Rights as is mentioned herein.

Maro & Maro, P.C.

Respectfully Submitted:

By: _____
    Robert A. Maro, Esquire
    Attorney for Transferee

## VERIFICATION

I, Lori Borowski, Vice President of J.G. Wentworth Originations, LLC, have read the foregoing Petition to Joint Petition to Transfer Structured Settlement Payment Rights and hereby aver that the statements contained therein are true and correct to the best of my knowledge, information and belief.

This Verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to the unsworn falsification to authorities.

Lori Borowski, Vice President

Date    3-20-2015

## CERTIFICATION OF ATTORNEY FOR TRANSFEREE

I, Robert A. Maro, Esquire, attorney for Transferee, J.G. Wentworth Originations, LLC, hereby certify to the best of my knowledge, information and belief, formed after reasonable inquiry, that the Transfer will comply with the requirements of the Act (40 P.S. § 4000 et seq.) and will not contravene any other applicable federal or state statute or regulation or the order of any court or administrative authority.

I, Robert A. Maro, Esquire, attorney for Transferee, J.G. Wentworth Originations, LLC, hereby verify that the facts and statements set forth herein are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification of authorities.

3-20-15
Date

Robert A. Maro, Esquire
Attorney for Transferee, J.G.
Wentworth Originations, LLC

**MARO & MARO, P.C.**
By: Robert A. Maro, Esquire
Attorney I.D. No.: 89585
1115 West Main Street
Norristown, PA 19401
(610) 275-9600

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

RE:   **Joint Petition of J.G. Wentworth**   :   **NO:**
     **Originations, LLC and Dashan Lassiter**   :

### CERTIFICATE OF SERVICE

    I, Robert A. Maro, Esquire, hereby certify that a true and correct copy of the Petition for Transfer of Partial Structured Settlement has been served upon the following entities via first class mail and/or certified return receipt requested and/or email on :

To:   American General Life Insurance Company
    Attn. Legal Dept./structured Settlements
    2727-A Allen Parkway
    Wt3-01
    Houston, TX 77019-2155

    American General Assignment Corporation
    Attn. Legal Dept/structured Settlements
    205 E. 10th Avenue
    Amarillo, TX 79101

J.G. Wentworth Originations, LLC
201 King of Prussia Road
Radnor, PA 19087

Dashan Lassiter
4444 Ludlow Street
Apt. 1R
Philadelphia, PA 19104-2973

Date:

By:_____
    Robert A. Maro, Esquire
    Attorney for J.G. Wentworth Originations, LLC

**MARO & MARO, P.C.**
By: Robert A. Maro, Esquire
Attorney I.D. No.: 89585
1115 West Main Street
Norristown, PA 19401
(610) 275-9600

---

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

RE:   Joint Petition of J.G. Wentworth           :        NO:
      Originations, LLC and Dashan Lassiter   :

### Entry of Appearance

TO THE PROTHONOTARY/CLERK OF SAID COURT

Enter my appearance on behalf of: **JG Wentworth Originations, LLC.**

Papers may be served at the address set forth below.

Respectfully Submitted:

Maro & Maro, P.C.

By: _____
     Robert A. Maro, Esquire
     Attorney I.D. No 89585
     Maro & Maro, P.C.
     1115 W. Main Street
     Norristown, PA 19401
     (610) 275-9600(office)
     (610) 275-9666(Fax)

**ATTACHMENT/EXHIBIT "1"**

DocuSign Envelope ID: 598138FB-C88A-4354-9E3D-0A6B699491F5

**Payee's Affidavit in Support of**
**Petition to Transfer Structured Settlement Rights**

I, Dashan Lassiter, the payee, verify that the statements below are true and correct:

**Payee's name, address and age:** Dashan Lassiter, Philadelphia County,

Pennsylvania, 22 years old.

1. **Marital Status:**

    __X__ Never Married; _____ Married; _____Separated; _____Divorced

    If married or separated, name of spouse: N/A

2. **Minor Children and other dependents:**

    Names, ages, and places of residence: NONE

3. **Income:**

    Payee's monthly income and sources:  I am currently unemployed but

    actively searching for employment opportunities. I receive $1,418.64 per

    month from my annuity and it increases 4% every September.

4. **Child support, alimony or alimony pendente lite:**

    Obligation to pay:      _____ Yes      __X__ No

    If yes, state the amount of the obligation, to whom payable, and whether there are

    arrearages: none

5. **Previous transfers:**

    Have you previously filed a petition to transfer payment rights under the

    structured settlement that is the subject of this petition?      __X__ Yes _____No

    If yes, for each petition that you filed,

    SEE EXHIBIT A

DocuSign Envelope ID: 598138FB-C88A-4354-9E3D-0A6B699491F5

(a)    If the transfer was submitted for court approval, list the court, the case caption and case number, and state whether the court approved or disapproved the transfer: If the transfer was approved,

(b)    State the name of the transferee and identify (listing due dates and payment amount(s)) the payments involved in the transfer:

State the amount of money and the manner in which the money was used:

(c)    Have you ever transferred payments without court approval? If so, please explain: No

### 6. Reasons for transfer:

I will use the funds from this transaction to purchase a reliable used vehicle. I am looking for a car that is dependable, moderately priced, and fuel-efficient. This will help me look for employment and transport myself once I obtain a job. I am also expecting a child and will use the funds to acquire a safer, more appropriate apartment for my baby. The apartment will house my child, my child's mother, and me. In addition to using the funds for first/last month's rent and security deposit, I will use them to purchase the appropriate furniture and clothing for my child. Essentially, this transaction will help ensure that I have a reliable vehicle and stable living environment for my expected child.

### 7. Payment of debts:

DocuSign Envelope ID: 598138FB-C88A-4354-9E3D-0A8B699491F5

If you seek the transfer in order to pay debts, list each debt, including the name of the creditor and the amount presently owed:

| Debt | Creditor | Amount Owed |
|------|----------|-------------|

DocuSign Envelope ID: 598138FB-C88A-4354-9E3D-0A8B699491F5

**Verification**

I verify that the statements made in this affidavit are true and correct. I understand

that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating

to unsworn falsification to authorities.

3/19/2015

DATED

Dashan Lassiter

## PRIOR APPROVALS

| Purchase Date | Purchase Price | Court Order, Pre-Act or Wrap | Court Order or Purchase Agreement & Exhibit A Attached |
|---|---|---|---|
| 04/26/2011 | $63,000.00 | | X |
| | | | |
| | | | |

## DENIALS

| Denial Date | Payments Purchased | |
|---|---|---|
| NA | | |
| | | |
| | | |

10

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

IN RE: Joint Petition of J.G. Wentworth     :     NO: 110303325
Originations, LLC and             :
Dashan Lassiter                  :     11034338

### ORDER OF COURT

After a hearing and review of the Joint Petition to Transfer Structured Settlement Payment Rights pursuant to 40 PA. STAT. ANN. § 4001 (2000), et seq. (the "Petition"), the Court finds as follows:

1. The transfer of structured settlement payment rights by the payee, Dashan Lassiter ("Lassiter") to the transferee, J.G. Wentworth Originations, LLC ("JGW"), as described in the Petition (the "Proposed Transfer"), complies with the requirements of 40 PA. STAT. ANN. § 4001 (2000), et seq. and will not contravene other applicable federal or state statutes, or the order of any court or responsible administrative authority including TEX. CIV. PRAC. & REM. CODE §§ 141.001 (2004), et seq., or regulations or any applicable law, as required by 40 40 PA. STAT. ANN. § 4003(a)(1);

2. Not less than ten (10) days prior to the date on which Lassiter first incurred any obligation with respect to the Proposed Transfer, JGW provided to Lassiter a disclosure statement satisfying the requirements of 40 PA. STAT. ANN. § 4003(a)(2);

3. Lassiter has established that the Proposed Transfer is in his best interest or the best interest of his dependents, if any, as required by 40 PA. STAT. ANN. § 4003(a)(3);

4. Lassiter has received, or waived in writing his right to receive, independent professional advice regarding the implications of the Proposed Transfer, including consideration of tax ramifications of the Proposed Transfer, as required by 40 PA. STAT. ANN. § 4003(a)(4);

1 8(5)

5.     If the Proposed Transfer would contravene the terms of the structured settlement agreement, the express written approvals have been properly obtained and filed, as set forth in 40 40 PA. STAT. ANN.. § 4003(A)(5); and

6.     Lassiter has given written notice of the transferee's name, address and taxpayer identification number to the annuity issuer, Western National Life Insurance Company f/k/a AIG Annuity Insurance Company, successor to American General Annuity Insurance Company f/k/a Western National Life Insurance Company ("WNL"), and the structured settlement obligor, American General Assignment Corporation ("AGAC"), and has filed a copy of such notice with the court, as required by 40 PA. STAT. ANN. § 4003(A)(6).

7.     Lassiter represents and warrants that he has all right, title, and interest in and to the Assigned Payments (defined below), that said payments were not previously transferred, assigned, sold, encumbered, or otherwise alienated, and that he is not aware of any claim or potential claim against, or interest of any third-party in, said payments or payment rights other than as expressly set forth herein.

Based on the foregoing findings and being satisfied that the Proposed Transfer satisfies all applicable statutory requirements, including TEX. CIV. PRAC. & REM. CODE §§ 141.001 (2004), et seq., it is hereby,

ORDERED that the Petition is GRANTED and APPROVED as follows:

Pursuant to 40 PA. STAT. ANN. §§ 4001 (2000), et seq., the assignment by Lassiter, to JGW, of all of his right, title, and interest in and to certain payments is hereby APPROVED.

It is further, ORDERED that WNL is hereby directed, on the dates set forth therein, to deliver and make payable to JGW's designated assignee, J.G. Wentworth Originations, LLC ("JGW") certain payments due under policy no. 401,752 (the "Annuity"), as follows:

2   of (5)

- 4 annual payments each in the amount of $20,000.00 commencing on September 9, 2011 through and including September 9, 2014

(the "Assigned Payments"). The Assigned Payments shall be delivered to the following address (the "Designated Address"):

**J.G. Wentworth Originations, LLC**
P.O. Box 83364
Woburn, MA 01813-3364
Tax ID# 20-4728885

The Assigned Payments that are being transferred and assigned to JGW by way of this Final Order constitute only a portion of the lump sum payments due and owing between commencing on September 9, 2011 through and including September 9, 2014 (the "Term"). AGAC and/or WNL are not required to divide or split the payments due and owing during the Term (the "Term Payments"). Therefore, Lassiter and JGW have agreed to, and the Court hereby approves, a payment servicing arrangement relative to said payments.

IT IS THEREFORE ORDERED that AGAC and/or WNL shall pay and remit to JGW, and JGW shall receive from AGAC and/or WNL, 100% of each monthly structured settlement/annuity payments due and owing by WNL and AGAC during the Term. JGW shall retain the portion of each Term Payment it receives during the Term that represents an Assigned Payment. JGW shall promptly pay and remit to Lassiter the remaining un-assigned portion of each Term Payment, if any.

IT IS FUTHER ORDERED that WNL and AGAC shall discharge their obligation to make the Term Payments in question by paying and directing said payment to JGW and by doing so WNL and AGAC shall not have any liability to Lassiter for the Term Payments. This Final Order in no way modifies or negates the ownership or control over the Annuity by WNL and/or AGAC.

of (5)

IT IS FURTHER ORDERED that JGW, for itself and on behalf of JGW shall defend, indemnify and hold harmless WNL and AGAC and their successors and assigns, parents, affiliates, and subsidiaries, from and against any and all liability from all claims in connection with, related to, or in any way arising out of the issuance of the Term Payments to JGW and/or JGW, whether such claims are brought by Lassiter (including Lassiter's heirs, beneficiaries, and/or executors), by any individual or entity to which JGW and/or JGW subsequently assign or transfer the Assigned Payments, or any portion thereof, or by any other individual or entity.  To the extent that JGW neglects to honor this indemnification and defense obligation, WNL and AGAC may, in addition to all other remedies available at law, satisfy the same by withholding to their credit any remaining Assigned Payments.

IT IS FURTHER ORDERED that neither the fact of the entry of this Final Order, nor any term or action taken hereunder, shall be admissible at any time in any action or proceeding for any purpose, except if required in connection with the enforcement of any party's rights hereunder.

It IS FURTHER ORDERED that WNL and AGAC are hereby discharged from all liability for the Term Payments, as to all parties except JGW, its successors and/or assigns.  This Order is entered without prejudice to the rights of WNL and AGAC and the Court makes no finding regarding the enforceability of any anti-assignment provisions contained in the annuity contracts or related documents.

IT IS FURTHER ORDERED that the death of Lassiter prior to the due date of the last Term Payments shall not adversely affect the transfer of the Assigned Payments from Lassiter to JGW, and Lassiter understands he is giving up his rights, and the rights of his heirs, successors and/or beneficiaries, to the Assigned Payments.

IT IS FURTHER ORDERED that all costs of Court are hereby taxed against JGW. This is a Final Order and is intended to dispose of all claims and relief asserted and requested in this proceeding. All other relief not expressly granted in this Final Order is DENIED.

IT IS FURTHER ORDERED the payee shall receive from the transferee, within ten (10) days from the date of this Order, the amount of $63,000.00, from which no funds are owed for counsel fees, administrative fees, or other costs, fees or expenses.

SIGNED THIS 26 DAY of April, 2011.

_____
JUDGE PRESIDING

**ATTACHMENT/EXHIBIT "2"**

**American General**
Life Companies

Structured Settlements Administration
P. O. Box 15367
Amarillo, TX 79105-5367
Phone: 806-345-7488 ext 8008
Fax: 806-349-5802
Email: request@structuresg.com
Website: www.aglife.com/structuredsettlement

### ANNUITY CONTRACT CERTIFICATE

AIG ANNUITY CERTIFIES THAT THE PREMIUM FOR THE FOLLOWING
ANNUITY CONTRACT HAS BEEN PAID IN FULL AND THE CONTRACT HAS BEEN
ISSUED. SOME IMPORTANT FACTS OF THE CONTRACT ARE AS FOLLOWS:

POLICY NUMBER:

EFFECTIVE DATE:  7-21-1998

OWNER: AMERICAN GENERAL ASSIGNMENT CORPORATION

MEASURING LIFE: DASHAN LASSITER

PAYMENT SCHEDULE:

GUARANTEED PAYMENTS:

| BEGINNING DATE | ENDING DATE | PAYMENT AMOUNT | FREQUENCY OF PAYMENT | ANNUAL RATE OF IN-CREASE IN PAYMENTS |
|---|---|---|---|---|
| 9-09-2010 | 8-09-2035 | $1,212.66 | MONTHLY | 4.00% COMPOUND |
| 9-09-2010 | 9-09-2014 | $25,000.00 | ANNUALLY | --0-- |

IF THE MEASURING LIFE DIES PRIOR TO PAYMENT OF ALL INSTALLMENTS DURING
THE GUARANTEED PERIOD, ANY REMAINING PAYMENTS DUE SHALL BE PAID
IN ACCORDANCE WITH THE SETTLEMENT AGREEMENT, AS THEY BECOME DUE.

PAYMENTS ONLY DURING THE LIFETIME OF MEASURING LIFE:

| BEGINNING DATE | ENDING DATE | PAYMENT AMOUNT | FREQUENCY OF PAYMENT | ANNUAL RATE OF IN-CREASE IN PAYMENTS |
|---|---|---|---|---|
| 9-09-2035 | ----- | $3,232.75 | MONTHLY | 4.00% COMPOUND |

THIS CERTIFICATE OUTLINES ANNUITY COVERAGE. IT IS NOT A CONTRACT,
AND ONLY THE ACTUAL CONTRACT PROVISIONS WILL CONTROL.

**ATTACHMENT/EXHIBIT "3"**

DocuSign Envelope ID: 5900C699-8381-4DE9-A674-B88CE75D4E83

Account ID: 505511

*Please complete and sign.*

## STATEMENT OF PROFESSIONAL REPRESENTATION

### Please Choose Either Box A OR Box B Below.

After you have made your choice, **SIGN AND DATE** the appropriate box signature line.
YOU SHOULD SIGN **ONLY ONE BOX** – THE BOX YOU HAVE CHOSEN.

---

**A.**   I HAVE BEEN ADVISED BY J.G. WENTWORTH ORIGINATIONS, LLC
("JGW") THAT I SHOULD OBTAIN INDEPENDENT PROFESSIONAL
REPRESENTATION CONCERNING THE LEGAL, TAX AND/OR FINANCIAL
IMPLICATIONS OF THIS TRANSACTION. I FULLY UNDERSTAND THE PURCHASE
AGREEMENT AND THE IMPLICATIONS OF THE TRANSFER, INCLUDING THE TAX
RAMIFICATIONS OF THE TRANSFER AND I DO NOT WISH TO SEEK OUT SUCH
INDEPENDENT PROFESSIONAL REPRESENTATION.

*Dashan Lassiter*
—1E366A7198184FB...                                                    3/16/2015

DASHAN LASSITER                                                        Date

---

**B.**   I HAVE OBTAINED INDEPENDENT REPRESENTATION AND I FULLY UNDERSTAND
THE LEGAL, TAX AND/OR FINANCIAL IMPLICATIONS OF THE TRANSACTION,
THE PURCHASE AGREEMENT AND THE RELATED DOCUMENTS. I WAS NOT
REFERRED TO MY PROFESSIONAL ADVISOR BY JGW. THE NAME OF MY
PROFESSIONAL ADVISOR IS SET FORTH BELOW:

3/16/2015

DASHAN LASSITER                                                        Date

---

*To Be Completed By Certified Professional Advisor*
*Only if you have signed Box B Above*

Name of Professional: _____          Attorney ID # _____

Phone Number: (___) _____

Address: _____

I have personally met with and provided independent professional advice to _____ in respect of the Purchase Contract with JGW
and the transaction contemplated thereby. Dashan Lassiter was referred to me by the _____

Professional's Signature                                              Date

---

sec_page_sales                                         © 2011 J.G. Wentworth Originations, LLC

**ATTACHMENT/EXHIBIT "4"**

DocuSign Envelope ID: 598138FB-C88A-4354-9E3D-0A6B699491F5

Account ID: 505511

# PURCHASE CONTRACT

This is a Purchase Contract ("Contract") for the sale of structured settlement payments between

**Dashan Lassiter (You, Your), and J.G. Wentworth Originations, LLC (We, Us, Our)**

3993 Howard Hughes Parkway, Suite 250, Las Vegas, NV 89169-6754.

## BACKGROUND

A. In connection with the resolution of a personal injury claim, You or someone acting for You, signed a Settlement Agreement that entitles You to receive certain future payments ("Settlement Payments"), according to a set schedule.

B. Those Settlement Payments are being paid to You from an annuity policy ("Annuity Policy") purchased by the Person responsible for making the Settlement Payments to You ("Obligor").

C. Rather than wait for the Settlement Payments to be made to You in the future, You want to sell all or some of those Settlement Payments ("Purchased Payments") to Us now for a lump sum.

D. **THIS CONTRACT CONTAINS AN ARBITRATION PROVISION WHICH YOU SHOULD READ CAREFULLY, AS IT WILL HAVE A SUBSTANTIAL IMPACT ON HOW DISPUTES BETWEEN YOU AND US ARE RESOLVED.**

## DEFINED WORDS

Certain words used in this Contract have specific meanings, shown below.

| | |
|---|---|
| **Affiliate** | An entity controlled by, controlling, or under common control with, another entity. |
| **Annuity Policy** | The policy purchased by the Obligor to ensure that the Settlement Payments are made to You as required by the Settlement Agreement. |
| **Closing Documents** | Any documents necessary to carry out the purchase of the Purchased Payments, other than the "Contract or Contract Documents" as defined below. |
| **Contract or Contract Documents** | Collectively, only this Contract and the Disclosure Statement. |
| **Contract Date** | The date Your signature at the end of this Contract is E-signed and date stamped. However, if You happen to sign this Contract before the number of days stated at the end of Your Disclosure Statement for waiting has passed, You will have no obligation under Your Contract until that time has passed. |
| **Court Order** | A legally binding ruling issued by a judge or properly empowered administrative officer, approving the sale of the Purchased Payments to Us ("Court Approval"). |
| **Disclosure Statement** | The document which identifies for You, the Purchased Payments, expenses, Purchase Price and various other disclosures. |
| **Encumbrance** | Any claim, right, lien, policy loan, or restriction. In addition, this includes any limits on rights of ownership (such as the use, voting, transfer, receipt of income, etc.). |
| **Funding Date** | The date We pay You the Net Purchase Price. |
| **Issuer** | The insurance company that issued the Annuity Policy. |

DocuSign Envelope ID: 598138FB-C88A-4354-9E3D-0A6B699491F5

Account ID: 505511

| | |
|---|---|
| **Obligor** | The Person who is obligated to make payments to You under the Settlement Agreement. |
| **Party** | One of You or Us. Parties means both You and Us. |
| **Person** | Any natural person or legal entity. |
| **Purchased Payments** | Only those certain payments that We are purchasing from You under this Contract. |
| **Purchase Price:** | |
|     **Gross Purchase Price** | The amount shown as the "gross amount payable to the seller (You)" on the Disclosure Statement. This is the sum We have agreed to pay You *before* any deductions as set forth in the Contract Documents. |
|     **Net Purchase Price** | The amount shown as the "net amount payable to the seller (You)" on the Disclosure Statement. This is the sum We have agreed to pay You *after* any deductions as set forth in the Contract Documents. |
| **Settlement Agreement** | The agreement that You and the Obligor signed to resolve Your personal injury claim. |
| **Settlement Payments** | All of the payments that the Obligor has agreed to make to You in the Settlement Agreement. |
| **We, Our, or Us** | J.G. Wentworth Originations, LLC, along with any of its successors, assigns, and designees. Some of the Contract Documents or Closing Documents may refer to Us as the purchaser. |
| **You or Your** | The Person named on this Contract's first page. Some of the Contract Documents or Closing Documents may refer to You as the seller. |

**You and We agree as follows:**

1. **SALE OF THE PURCHASED PAYMENTS**

    A.   Upon the signing of this Contract and subject to certain conditions including Court Approval, You sell, transfer and assign to Us the right to receive the Purchased Payments specifically identified in the Disclosure Statement.

    B.   We will pay You the Net Purchase Price as agreed to in the Contract Documents, subject to certain conditions, including meeting Our underwriting requirements, Court Approval and satisfactory completion of the Closing Documents. We will do this in exchange for You:

    - selling the Purchased Payments to Us;

    - changing the beneficiary of the Annuity Policy to Your estate  and not changing it again until We have been paid all of the Purchased Payments;

    - having any current beneficiaries waive their rights to the Purchased Payments; and

    - fulfilling Your promises under this Contract.

    C.   If We are buying only a portion of Your payments, this will have no effect upon Your rights in the unsold portion. You will continue to receive the unsold portion unless You have already sold or encumbered that portion. However, sometimes the Issuer, the Obligor or the court may require Us to receive the entire amount of Your payment. If so, We will then forward the portion of the payment still due to You and You hereby agree to this payment servicing arrangement.

2. **PURCHASE PRICE**

    A.   The Gross and Net Purchase Prices are shown on the Disclosure Statement and are fair and acceptable to You and Us.

Page 2

© 2013 J.G. Wentworth Originations, LLC

DocuSign Envelope ID: 598138FB-C88A-4354-9E3D-0A6B699491F5

Account ID: 505511

B.    We will pay You the Net Purchase Price in the manner You designate for Us.

C.    Before we pay You, You agree that We will adjust for the following amounts, *if applicable*:

- **Purchased Payments Owed to Us – The Issuer may have already paid You some of the Purchased Payments before We have paid You for them. If that happens, We will deduct the amount of those Purchased Payments.**

- **Holdbacks – Due to possible delays in the Issuer beginning to make the Purchased Payments to Us instead of You, We will hold back an amount equal to any Purchased Payments that the Issuer owes Us post Court Approval, that are due within 90 days of the Funding Date. If We subsequently receive those particular Purchased Payments directly, We will return the amount of any related holdback to You.**

- **Payment of Debts Owed – If You owe any past due child support, bankruptcy payoffs or taxes, or have any judgments or liens against You or Your assets, We may pay those amounts and deduct them from the amount We pay You, and You hereby provide Us with specific authority to take such action. We will provide You with notice of the amounts that We are going to pay, prior to actual payment.**

D.    If any Purchased Payments are mistakenly sent to You after We have paid You for them, You will immediately contact Us. If We then determine that any deductions or holdbacks as set forth above are not enough to reimburse Us, We will advise You of the amount You owe Us. You agree to immediately send that amount to Us by bank or certified check.

3. <u>**YOUR REPRESENTATIONS AND WARRANTIES**</u>

You represent and warrant to Us the following:

A.    **You understand that THIS IS A SALE AND NOT A LOAN.**

B.    The Annuity Policy is in full force, You are the sole and undisputed recipient of the right to the Purchased Payments, have the right to sell them free and clear of any Encumbrances and have not previously sold any of the Purchased Payments to any other Person.

C.    You understand that Court Approval is required for this purchase; and You agree to fully cooperate with Us to obtain that approval.

D.    You gave Us all requested information and signed all documents necessary to complete the purchase. Every statement made by You in the Contract Documents and Closing Documents is true and complete.

E.    No law, divorce decree or other legal obstacle:

- requires You to keep the Purchased Payments for the benefit of a current or former spouse, dependent children, or other person; or

- legally prevents You from contracting with Us, selling the Purchased Payments or changing the Annuity Policy's beneficiary.

F.    Either:

- You have never filed for bankruptcy, will not do so before the Funding Date and there are no lawsuits or efforts by any of Your creditors to put You into bankruptcy or take any of the Purchased Payments; or

- If You filed for bankruptcy, the Purchased Payments were not subject to the claims of Your creditors. You will give Us a copy of any of Your bankruptcy documents that We request including evidence of a final bankruptcy payoff or case closing, if any.

G.    We can rely on Your representations, warranties, and promises in this Contract. These representations, warranties, and promises are for Our benefit and the benefit of any future owners of the Purchased Payments. You understand that Our reliance on any intentional misrepresentation by You may result in Our enforcing Our rights against You in court.

DocuSign Envelope ID: 598138FB-C88A-4354-9E3D-0A8B699491F5

Account ID: 505511

H.  You had enough time to consider the sale of the Purchased Payments, understand the terms of the Contract Documents and Closing Documents (including the arbitration provision), are of legal contracting age and sound mind, not under the influence of drugs or alcohol, and freely and voluntarily, enter into this Contract and agree to all of its terms.

I.  You were advised by Us to obtain independent legal advice and professional tax advice about the sale of the Purchased Payments and to have those advisors review the terms and legal, tax and other effects of this Contract with You prior to Your execution of this Contract. You have also explored all appropriate financial options before entering into this transaction.

J.  We did not provide tax, financial, or legal advice to You about this Contract and have advised You that We may not refer You to any specific attorney for such purpose.

K.  If You are married, Your spouse understands all of the terms and conditions of this Contract including, but not limited to the fact that, after the Funding Date, You (and Your spouse) will not receive the same amount of money on the same payment schedule as You would have received under the Annuity Policy. Your spouse has been provided with all information relating to the transaction and has had every opportunity to review the terms of the transaction and to seek any advice relating thereto. Your Spouse also understands that he or she will be giving up any property or contract rights that he or she may have in the Purchased Payments.

L.  We may sell, transfer, or assign Our right to the Purchased Payments in a sale, securitization, or other financing transaction (resale). Any resale would involve disclosing certain information about You (including Your personal information) to the parties to a resale.

M.  Any future owner of the right to the Purchased Payments will have all of the same rights We have, including the right to the duties You owe Us under this Contract. This includes the right to make a claim against You for violating any of the representations, warranties, or promises You made in this Contract.

4.  **YOUR PROMISES TO US**

**Before and after the Funding Date:**

A.  You will tell us right away if Your address or telephone number changes and do everything necessary, including completing and signing all documents to:

- sell the right to the Purchased Payments to Us;

- change the beneficiary as required by this Contract; and

- correct any documentation errors in the Contract Documents or Closing Documents.

B.  You will also tell Us if any of the following occurs:

- a violation of this Contract; or

- anything that could negatively affect the Annuity Policy, the Purchased Payments, or this Contract.

C.  You will not:

- agree to sell the Purchased Payments to any Person other than Us;

- change the Annuity Policy's beneficiary to any Person other than Your estate until We have collected all of the Purchased Payments; or

- withdraw cash from, borrow against, or change the Annuity Policy.

D.  You will give Us information necessary to update Your representations, warranties, and promises in this Contract. You will also update any documents and information so they will be true and complete on the Funding Date.

073032                                    © 2011 J.G. Wentworth Originations, LLC

DocuSign Envelope ID: 598138FB-C88A-4354-9E3D-0A6B699491F5

Account ID: 505511

E.   We are now, and will continue in the future, to rely on the representations and warranties You have given Us. We will confirm the accuracy of Your representations and warranties. You must cooperate with this confirmation and provide complete access to any information We believe necessary.

F.   You agree that updating representations, warranties, promises, documents and other information will not cure a breach of any representation or warranty made by You that was not true and complete.

G.   You agree that Our obligation to You under this Contract is strictly limited to the requirement to pay You what We owe You under the terms of this Contract, after receipt and approval of the Closing Documents, final underwriting approval and Court Approval. Under no circumstances will We be liable for any consequential damages.

H.   You hereby appoint Us and any of Our designees, with full power of substitution as your Attorney in Fact, to act in Your name and place for the purpose of assigning and transferring ownership of any and all right, title and interest that You have in the Purchased Payments and for Us to obtain all benefits contemplated by this transaction. You also give Us full authority to act in any way proper and necessary to exercise this Attorney in Fact appointment including, but not limited to: (1) negotiating, endorsing and executing checks, drafts and other instruments in Your name; and (2) instituting, maintaining, compromising, settling and terminating any litigation or other proceedings related to the Purchased Payments. This power of attorney is coupled with an interest and shall survive death or disability.

5.   **CANCELLATION BY US**

We may cancel this Contract before the Funding Date if:

A.   You breach any representation, warranty, or promise in any Contract Documents or Closing Documents.

B.   The petition for the Court Order is contested, opposed, or not approved.

C.   We are sued or threatened with a lawsuit or an arbitration about this Contract or the Annuity Policy.

D.   There is any threatened, pending, or final action, or change in law or rule challenging the legality of, or negatively affecting this transaction.

E.   You file for, or are forced into bankruptcy.

F.   You die.

G.   Final approval has not been given by Our underwriting department.

H.   The Purchase Contract is not signed by You and received back by Us by May 03, 2015.

I.   A major rating agency downgrades the Issuer's credit rating.

J.   The Issuer is, or becomes insolvent, or under regulatory supervision.

K.   With respect to A through J above, to the extent permitted by applicable law, the arbitration provision in Section 9 of this Contract shall survive the termination, cancellation or rescission of this Contract.

6.   **CANCELLATION BY YOU**

A.   **(1) YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION AT ANY TIME WITHIN FIVE (5) BUSINESS DAYS AFTER THE DATE YOU RECEIVE PAYMENT HEREUNDER FROM US. IN ORDER FOR THE CANCELLATION TO BE EFFECTIVE, YOU MUST SEND A NOTICE POSTMARKED AT ANY TIME WITHIN FIVE BUSINESS DAYS AFTER YOU RECEIVE PAYMENT HEREUNDER FROM US (This is the rescission period).**

**(2) YOUR NOTICE IS TO BE SENT EITHER BY CERTIFIED OR REGISTERED MAIL (RETURN RECEIPT REQUESTED) OR FEDEX OR ANOTHER MAJOR OVERNIGHT DELIVERY SERVICE. THE**

DocuSign Envelope ID: 598138FB-C88A-4354-9E3D-0A6B699491F5

Account ID: 505511

NOTICE MUST INCLUDE A BANK OR CERTIFIED CHECK MADE PAYABLE TO US, IN THE FULL AMOUNT RECEIVED BY YOU. YOUR NOTICE MUST BE SENT TO:

> J.G. Wentworth Originations, LLC
> Attention: Manager of Operations
> 3993 Howard Hughes Parkway, Suite 250
> Las Vegas, NV 89169-6754

**B.** **GEORGIA RESIDENTS:** YOU MAY CANCEL THIS TRANSACTION AT ANY TIME PRIOR TO 5:00 P.M. OF THE TWENTY-FIRST DAY FOLLOWING RECEIPT OF THE ENCLOSED "NOTICE OF CANCELLATION RIGHTS" FORM, OR AT THE HEARING ON THE APPLICATION FOR AUTHORIZATION OF A TRANSFER OF STRUCTURED SETTLEMENT PAYMENT RIGHTS, OR AT ANY TIME WITHIN FIVE (5) BUSINESS DAYS AFTER YOU RECEIVE PAYMENT HEREUNDER FROM US, WHICHEVER EVENT OCCURS LAST (This is the Georgia rescission period). IN ORDER FOR THE CANCELLATION TO BE EFFECTIVE, YOU MUST SIGN THE ENCLOSED "NOTICE OF CANCELLATION RIGHTS" FORM AND MAIL OR DELIVER IT TO US AS SPECIFIED IN THAT NOTICE AND YOU MUST RETURN ALL AMOUNTS (PURCHASE PRICE OR OTHERWISE) RECEIVED BY YOU ACCORDING TO THE REQUIREMENTS OF 6 (A) (2) ABOVE.

**C.** **WEST VIRGINIA RESIDENTS:** IN ORDER FOR YOUR CANCELLATION TO BE EFFECTIVE, YOUR NOTICE CAN BE SUBMITTED VIA PHONE, MAIL, OR FACSIMILE. ANY AMOUNTS ADVANCED BY US IN CONTEMPLATION OF THE TRANSFER SHALL BE IMMEDIATELY REFUNDED TO US. IF YOU DISMISS YOUR ACTION AFTER APPOINTMENT OF A GUARDIAN AD LITEM, OR RESCIND YOUR TRANSFER AGREEMENT (PURCHASE CONTRACT) WITHIN THE RESCISSION PERIOD IN 6(A) (1) ABOVE, YOU SHALL BE RESPONSIBLE FOR THE FILING FEE AND ANY GUARDIAN AD LITEM FEES.

**D.** With respect to A through C above, to the extent permitted by applicable law, the arbitration provision in Section 9 of this Contract shall survive the termination, cancellation or rescission of this Contract.

7. **NOTICES**

**A.** All notices about this Contract must be in writing.

**B.** All notices must be sent either by: (1) certified or registered mail (return receipt requested); or (2) FedEx or another major overnight delivery service with a delivery tracking system and are considered given when delivered as follows: If to You: to the most recent address for You listed in Our files. If to Us: to the address listed in Section 6(A) (2) of this Contract.

8. **EVENTS OF DEFAULT**

You will be in default if You:

**A.** fail to comply with any terms or conditions of this Contract; or

**B.** breach any of Your representations, warranties and promises in this Contract.

If You are in default, even if You have not rejected the arbitration provision (see Section 9 of this Contract), We have the right to enforce Our rights against You in court to make You perform Your promises or to get money from You. If We sue You in court in connection with a Claim that is subject to arbitration under the arbitration provision in Section 9 of this Contract, and You have not rejected the arbitration provision, You will have the option of remaining in court or seeking to compel arbitration of that Claim under the terms of the arbitration provision.

© 2013 J.G. Wentworth Originations, LLC

DocuSign Envelope ID: 596138FB-C88A-4354-9E3D-0A6B699491F5

Account ID: 505511

## 9. ARBITRATION PROVISION

To the extent permitted by applicable law, You and We agree to the following arbitration provision.

**YOU HAVE THE RIGHT TO REJECT THIS ARBITRATION PROVISION AS SET FORTH BELOW. If You do not reject this arbitration provision and a Claim is arbitrated, You will not have the right to: (1) have a court or a jury decide the Claim; (2) engage in information gathering (discovery) to the same extent as in court; (3) participate in a class action in court or in arbitration; or (4) join or consolidate a Claim with claims of any other person. The right to appeal is more limited in arbitration than in court and other rights in court may be unavailable or limited in arbitration.**

**Claims Subject to Arbitration.** A "Claim" subject to arbitration is any claim, dispute or controversy between You and Us (other than an Excluded Claim or Proceeding as set forth below), whether preexisting, present or future, which arises out of, or relates to the Contract, the negotiations related thereto, the breach thereof or any other transaction conducted with us in connection with the Contract. "Claim" has the broadest possible meaning and includes initial claims, counterclaims, cross-claims, third-party claims and federal, state, local and administrative claims. It includes disputes based upon contract, tort, consumer rights, fraud and other intentional torts, constitution, statute, regulation, ordinance, common law and equity and includes claims for money damages and injunctive or declaratory relief. Upon the demand of You or Us, Claim(s) will be resolved by individual (not class or class-wide) binding arbitration in accordance with the terms specified in this arbitration provision.

**Special Definitions.** Solely for purposes of this arbitration provision, in addition to the meanings set forth in this Contract: (1) "We," "Us" and "Our" also (a) refer to Our employees, officers, directors, parents, controlling persons, subsidiaries and affiliates and (b) apply to third parties if You assert a Claim against such third parties in connection with a Claim you assert against Us; and (2) "You" or "Your" also refer to Your current or former spouse(s), children, heirs, estate, executors, successors, assigns, representatives and beneficiaries.

**Excluded Claim or Proceeding.** Notwithstanding the foregoing, "Claim" does not include any dispute or controversy about the validity, enforceability, coverage or scope of this arbitration provision or any part thereof (including, without limitation, the "Class Action Waiver" set forth below and/or this sentence); all such disputes or controversies are for a court and not an arbitrator to decide. However, any dispute or controversy that concerns the validity or enforceability of the Contract as a whole is for the arbitrator, not a court, to decide. In addition, We will not require You to arbitrate any individual action brought by You in small claims court or Your state's equivalent court, unless such action is transferred, removed, or appealed to a different court.

**Federal Arbitration Act.** Notwithstanding any other provision in this Contract, You and We agree that this Contract evidences a transaction involving interstate commerce and that the Federal Arbitration Act (Title 9 of the United States Code) ("FAA") shall govern its interpretation and enforcement and proceedings pursuant thereto. To the extent state law is applicable under the FAA, the law of the state of Your domicile (where You regularly reside on the Contract Date) shall apply.

**Class Action Waiver. Notwithstanding any other provision of this Contract, if a Claim is arbitrated, neither You nor We will have the right: (a) to participate in a class action, private attorney general action or other representative action in court or in arbitration, either as a class representative or class member; or (b) to join or consolidate Claims with claims of any other Persons. No arbitrator shall have authority to conduct any arbitration in violation of this provision (provided, however, that the Class Action Waiver does not apply to any lawsuit or administrative proceeding filed against us by a state or federal government agency even when such agency is seeking relief on behalf of a class of borrowers including You. This means that We will not have the right to compel arbitration of any claim brought by such an agency). The Class Action Waiver is nonseverable from this arbitration provision. If the Class Action Waiver is limited, voided or found unenforceable, then this arbitration provision (except for this sentence) shall be null and void with respect to such proceeding, subject to the right to appeal the limitation or invalidation of the Class Action Waiver.**

**Arbitration Procedures.** If You or We seek to arbitrate a Claim, the Party seeking arbitration must notify the other Party in writing. This notice can be given after the beginning of a lawsuit and can be given in papers filed in the lawsuit, such as a motion to compel arbitration. Otherwise, Your notice must be sent to Us at the address specified in Section 6 (A) (2) of this Contract and Our notice must be sent to the most recent address for You in our files. Any arbitration hearing that You attend will take place in a venue of Your domicile. If a Party files a lawsuit in court asserting Claim(s) that are subject to arbitration, and the other Party files a motion to compel arbitration with the court, which is granted, it will be the responsibility of the Party prosecuting the Claim(s) to select an arbitration administrator in accordance with the paragraph below and commence the arbitration proceeding in accordance with the administrator's rules and procedures.

DocuSign Envelope ID: 598138FB-C88A-4354-9E3D-0A6B699491F5

Account ID: 505511

The arbitration will be administered by the American Arbitration Association ("AAA"), 1633 Broadway, 10th Floor, New York, NY 10019, www.adr.org, 1-800-778-7879 or JAMS, 1920 Main Street, Suite 300, Irvine, CA 92614, www.jamsadr.com, 1-800-352-5267. The rules and forms of the AAA and JAMS may be obtained by writing to these organizations at the addresses listed above. If the AAA and JAMS are unable or unwilling to serve as administrator, the Parties may agree upon another administrator or, if they are unable to agree, a court shall determine the administrator. No company may serve as administrator, without the consent of all Parties, if it adopts or has in place any formal or informal policy that is inconsistent with and purports to override the terms of this arbitration provision. In the event of a conflict between the provisions of this arbitration provision, on the one hand, and other provisions of this Contract or any applicable rules of the AAA or JAMS or other administrator used, on the other hand, the provisions of this arbitration provision shall control.

A single arbitrator will be appointed by the administrator and must be a practicing attorney with ten or more years of experience or a retired judge. The arbitrator will not be bound by judicial rules of procedure and evidence that would apply in a court, or by state or local laws that relate to arbitration proceedings. The arbitrator will honor statutes of limitation and claims of privilege recognized under applicable law. In determining liability or awarding damages or other relief, the arbitrator will follow this Contract and the applicable substantive law, consistent with the FAA and this Contract, that would apply if the matter had been brought in court. At Your written request, we will pay all filing, hearing and/or other fees charged by the administrator and arbitrator to You for Claim(s) asserted by You in arbitration after You have paid an amount equivalent to the fee, if any, for filing such Claim(s) in state or federal court (whichever is less) in the judicial district in which You reside. (If You have already paid a filing fee for asserting the Claim(s) in court, You will not be required to pay that amount again). In addition, the administrator may have a procedure whereby You can seek a waiver of fees charged to You by the administrator and arbitrator. We will always pay any fees or expenses that We are required to pay by law or the administrator's rules or that We are required to pay for this arbitration provision to be enforced. The arbitrator will have the authority to award attorneys' and expert witness fees and costs to the extent permitted by this Contract, the administrator's rules or applicable law. The arbitrator will always award You reasonable attorneys' and expert witness fees and costs (a) if and to the extent You prevail on Claims you assert against Us in an arbitration commenced by You and (b) to the extent required under applicable law for this arbitration provision to be enforced. The arbitrator shall write a brief explanation of the grounds for the decision. A judgment on the award may be entered by any court having jurisdiction.

**Severability and Survival.** If any part of this arbitration provision, other than the Class Action Waiver, is deemed or found to be unenforceable for any reason, the remainder shall be enforceable. To the extent permitted by applicable law, this arbitration provision shall survive the termination, cancellation or rescission of this Contract.

**Effect of Arbitration Award.** The arbitrator's award shall be final and binding on all Parties, except for any right of appeal provided by the FAA. However, if the amount of the Claim exceeds $50,000 or involves a request for injunctive or declaratory relief that could foreseeably involve a cost or benefit to either Party exceeding $50,000, any Party can, within 30 days after the entry of the award by the arbitrator, appeal the award to a three-arbitrator panel administered by the administrator. The panel shall reconsider anew any aspect of the initial award requested by the appealing Party. The decision of the panel shall be by majority vote. Reference in this arbitration provision to "the arbitrator" shall mean the panel if an appeal of the arbitrator's decision has been taken. The costs of such an appeal will be borne in accordance with the above paragraph titled "Arbitration Procedures." Any final decision of the appeal panel is subject to judicial review only as provided under the FAA.

**Right to Reject Arbitration Provision.** You may reject this arbitration provision by sending Us written notice of Your decision so that We receive it at the address listed below within forty-five (45) days of the Contract Date. Such notice must be sent by certified or registered mail (return receipt requested) or by FedEx or another major overnight delivery service with a delivery tracking system; must include a statement that You wish to reject the arbitration provision along with Your name, address, Account I.D. number and Your signature; and must be delivered to Us at the address specified in Section 6 (A) (2) of this Contract. This is the sole and only method by which You can reject this arbitration provision. Upon receipt of a rejection notice, We will reimburse You for the standard cost of a certified or registered letter or overnight delivery. Rejection of this arbitration provision will not affect any other terms of this Contract and will not result in any adverse consequence to You. You agree that Our business records will be final and conclusive with respect to whether You rejected this arbitration provision in a timely and proper fashion. **This arbitration provision will apply to You and Us unless you reject it by providing proper and timely notice as stated herein.**

DocuSign Envelope ID: 596136FB-C88A-4354-9E3D-0A6B699491F5

Account ID: 505511

## 10. MISCELLANEOUS

**A.**   You give Us permission to conduct background checks on You, including obtaining information from the credit bureaus, in order to verify Your legal residence, contact information, and any other information We deem necessary for this transaction. We can also search records for UCC filings, bankruptcy filings, judgments, liens and child support obligations against You.

**B.**   This Contract is the entire agreement between You and Us.

**C.**   If there is more than one of Us or You, this Contract applies to all of those people together, and to each of them on their own.

**D.**   Both Parties must agree in writing to any change to this Contract or waiver of its terms.

**E.**   Except as set forth in the arbitration provision in Section 9 of this Contract, if a court undoes any part of this Contract, the rest of the Contract remains valid.

**F.**   You cannot voluntarily or involuntarily sell, assign, or transfer this Contract, or any of Your rights or duties under this Contract. Any such action taken by You in violation of this section shall be void and of no effect.

**G.**   Except as otherwise required by applicable law, the law of the state of Your domicile (where You regularly reside on the Contract Date) will govern this Contract and disputes under this Contract shall be determined in Your domicile State (where You regularly reside on the Contract Date).

**H.**   This Contract also holds responsible Your heirs, and executors. This Contract benefits only You and Us, and no one else. However, if properly assigned by Us, this Contract will bind and benefit Our successors and assigns.

**I.**   Failure to enforce any provision of this Contract is not a waiver of that provision.

**J.**   The Parties may sign this Contract in one or more counterparts. Each counterpart will be considered an original. All counterparts will form one Contract. A facsimile, pdf or other electronic copy of the signed Contract or any counterpart will be considered an original and treated as such in any court [or arbitration] proceeding.

**K.**   We have investigated the proposed transfer of the Purchased Payments and, in light of information available to Us, have identified no violation of any applicable state or federal law.

**L.**   You will not receive an IRS Form 1099 from Us.

**M.**   Titles and headings in this Contract are for convenience only. Do not use them to interpret this Contract.

**N.**   Except as otherwise set forth in this Contract (including the arbitration provision in Section 9 of this Contract), You and We will pay our respective costs and expenses in carrying out this Contract.

**O.**   You give Us permission to request from our Affiliates information and documentation You have previously provided to them which we deem necessary for this transaction, including, bankruptcy filings, judgments, settling documents, annuity documents, liens, child support obligations, divorce documents.

**You and We, intending to be legally bound, have signed this Contract as of the Contract Date below, and agree to all of its terms and conditions, including the arbitration provision.**

DocuSign Envelope ID: 598138FB-C88A-4354-9E3D-0A8B699491F5

Account ID: 505511

By signing below, You also acknowledge that You were advised by Us in writing, that You should obtain independent legal advice and professional tax advice about the sale of the Purchased Payments and to have those advisors review with You, the terms and legal, tax and other effects of this Contract.

**SELLER:**

_Dashan Lassiter_
15388A7f88184f59...
Dashan Lassiter

3/19/2015
Date

**SELLER'S SPOUSE (if applicable)**

_____
Spouse

_____
Date

**US:    J.G. Wentworth Originations, LLC**

_Lori S Borowski_
BY: _____
Lori Borowski, Vice President

© 2011 J.G. Wentworth Originations LLC

DocuSign Envelope ID: 598138FB-C88A-4354-9E3D-0A6B699491F5

Account ID: 505511
March 19, 2015

## PENNSYLVANIA
### AMENDED DISCLOSURE STATEMENT

**We will purchase the following payments (Purchased Payments) from You:**

A) 60 monthly payments of $710.00 each, increasing at 4% annually, beginning on
September 9, 2015 and ending on August 9, 2020

**(The remainder of the page intentionally left blank)**

- 1 -

© 2011 J.G. Wentworth Originations, LLC

DocuSign Envelope ID: 598138FB-C88A-4354-9E3D-0A6B699491F5

Account ID: 505511
March 19, 2015

**The aggregate amount of the Purchased Payments is $46,147.08.**

**The discounted present value of the aggregate Purchase Payments at the federal interest rate of 1.80% is $43,748.17.  The discounted present value is the calculation of the current value of the transferred structured settlement payments (Purchased Payments) under federal standards for valuing annuities.**

**The gross amount payable to seller (You) is $26,000.00.**

**The net amount payable to the seller (You) is $26,000.00.**

**Legal fees (this is an estimate of what Your attorney will charge You if You choose not to waive representation):  $500.00**

**No other expenses are incurred by You.**

**The net amount that You will receive from Us in exchange for Your future structured settlement payments represents 59.40% of the estimated current value of the payments based upon the discounted value using the applicable federal rate.**

**Based on the net amount that You will receive in payment from Us and the amounts and timing of the structured settlement payments that You are selling to Us, this is the equivalent of interest payments to Us at a rate of 22.76% per year.  PLEASE NOTE THAT THIS IS NOT A LOAN, BUT A SALE OF PAYMENT RIGHTS AND THE INTEREST FIGURE IS ONLY PROVIDED AS AN ILLUSTRATION OF THE ECONOMIC IMPACT OF THE SALE.**

**Please be advised there are no penalties or liquidated damages payable by you in the event of any breach of the transfer agreement by you.**

**By signing below, You are confirming receipt of this Disclosure Statement at least 10 days prior to You first incurring an obligation with respect to the transfer.**

*Dashan Lassiter*

**DASHAN LASSITER**

DocuSign Envelope ID: 598138FB-C88A-4354-9E3D-0A6B699491F5

Account ID: 505511

March 19, 2015

## TEXAS
## AMENDED DISCLOSURE STATEMENT

**We will purchase the following payments (Purchased Payments) from You:**

**A) 60 monthly payments of $710.00 each, increasing at 4% annually, beginning on September 9, 2015 and ending on August 9, 2020**

**(The remainder of the page intentionally left blank)**

- 1 -

DocuSign Envelope ID: 598138FB-C88A-4354-9E3D-0A6B699491F5

Account ID: 505511
March 19, 2015

**The aggregate amount of the Purchased Payments is $46,147.08.**

**The discounted present value of the aggregate Purchased Payments at the federal interest rate of 1.80% is $43,748.17. The discounted present value is the calculation of the current value of the transferred structured settlement payments (Purchased Payments) under federal standards for valuing annuities.**

**The gross amount payable to seller (You) is $26,000.00.**

**No other expenses are incurred by You.**

**The net amount payable to the seller (You) is $26,000.00.**

**Based on the net amount that You will receive in payment from Us and the amounts and timing of the structured settlement payments that You are selling to Us, this is the equivalent of interest payments to Us at a rate of 22.76% per year. PLEASE NOTE THAT THIS IS NOT A LOAN, BUT A SALE OF PAYMENT RIGHTS AND THE INTEREST FIGURE IS ONLY PROVIDED AS AN ILLUSTRATION OF THE ECONOMIC IMPACT OF THE SALE.**

**Notice of Cancellation Rights:**

**You may cancel without penalty or further obligation, not later than the fifth business day after Your receipt of payment from Us under the transfer agreement (Purchase Contract).**

**Please be advised there are no penalties or liquidated damages payable by You in the event of any breach of the transfer agreement (Purchase Contract) by You.**

**By signing below, You are confirming receipt of this Disclosure Statement at least 3 days prior to You executing the transfer agreement (Purchase Contract).**

**DASHAN LASSITER**

- 2 -

03/14/2015 17:10 FAX                                                    ✉027

## IMPORTANT NOTICE

You are strongly urged to consult with an attorney who can advise you of the potential tax consequences of this transaction.

By: _____
DASHAN LASSITER

Sworn to and subscribed
Before me this 14 day of March, 20 15

Notary

NOTARIAL SEAL
RONALD G JOHNSON
Notary Public
PHILADELPHIA CITY, PHILADELPHIA CNTY
My Commission Expires Aug 17, 2015

© 2011 J.G. Wentworth Originations, LLC.

**ATTACHMENT/EXHIBIT "5"**



# J.G. WENTWORTH.

March 17, 2015

American General Life Insurance Company
2727-A Allen Parkway
Wt3-01
Houston, TX 77019-2155
Attn: Legal Department/Structured Settlements

American General Assignment Corporation
205 East 10th Avenue
Amarillo, TX 79101
Attn: Legal Department/Structured Settlements

RE:   Notice of Sale/Assignment of Payment Rights
      Your Contract #:
      Payee: Dashan Lassiter

Dear Insurer:

Please be advised that J.G. Wentworth Originations, LLC and/or its successors and assigns, have entered into a transaction with the above-referenced annuitant who is seeking to transfer certain of his/her rights to the payments scheduled to be received under the above-referenced annuity policy. We are currently seeking court approval pursuant to the applicable structured settlement transfer statute. Pursuant to the statute, please note the following information about the Purchaser:

                    J.G. Wentworth Originations, LLC
                    201 King of Prussia Road, Suite 200
                    Radnor, PA 19087
                    Tax ID #

PLEASE NOTE: No payments under this annuity should be held until the courts have entered a final order and we have forwarded this order to you.

Very truly yours,

J.G. Wentworth Originations, LLC

By: _____
    Lori Borowski, Vice President